I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY PLF w/ FORM
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 9-27-13
DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
SEP 27 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STACY DRAYTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CHIEF CHARLIE BECK et al.,<br><br>    Defendants. | Case No. CV 13-05041-SJO (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

    Plaintiff filed a pro se complaint on July 24, 2013, after being granted leave to proceed in forma pauperis. Plaintiff's complaint names the following defendants: (1) Los Angeles Police Department ("LAPD") Chief Charlie Beck, in his individual and official capacities; (2) LAPD Officer Scallion, in his individual and official capacities (collectively, the Court will refer to defendants Beck and Scallion as "the LAPD Defendants"); (3) Jeff Beards [sic], Director of the California Department of Corrections and Rehabilitation, in his individual and official capacities; and (4) Karim Rasheed, M.D., a doctor at Sani Eye Center, in his individual and official capacities. From the best the Court can tell from Plaintiff's complaint, he appears to allege two claims for

relief.[1] Plaintiff's first claim appears to be an excessive force claim arising out of his arrest on July 15, 2011, by Officer Scallion and several other unidentified LAPD officers. See Complaint at 10-12. Plaintiff's second claim appears to be a deliberate indifference to medical needs claim arising out of his treatment while he was housed at the Corcoran Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. See id. at 12-13.

In accordance with 28 U.S.C. § 1915(e)(2), the Court now has screened Plaintiff's complaint before ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams,

---

[1] Plaintiff formally identifies only a single claim. See Complaint at 10. (CM/ECF page numbers). But it is clear from his narrative that there are two separate claims.

490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

After careful review and consideration of the complaint under the foregoing standards, the Court finds that it suffers from the pleading deficiencies discussed below. Accordingly, the complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

///
///

3

A.  **Plaintiff's Allegations Are Insufficient to State a Federal Civil Rights Claim Against the LAPD Defendants in Their Official Capacities**

Plaintiff names the LAPD Defendants in their official capacities. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. This Court will accordingly analyze whether Plaintiff has stated a claim against the LAPD.

A local government entity such as the LAPD "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Thus, the LAPD may not be held liable for the alleged actions of the individual defendants whose alleged conduct gave rise to Plaintiff's claims unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91.

Here, Plaintiff has failed to identify any regulations or policy statements of the LAPD, or officially adopted or promulgated decisions from the LAPD, the execution of which by the individual Defendants allegedly inflicted the

injuries about which he is complaining. The Court therefore concludes that Plaintiff has failed to allege sufficient facts for the Court to "draw the reasonable inference" that the LAPD has a governmental custom of engaging in the kind of unconstitutional conduct that Plaintiff is alleging occurred here. See, e.g., Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), overruled on other grounds, Bull v. City & Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Accordingly, the complaint fails to state a claim against the LAPD Defendants in their official capacities.

B.  **The Allegations of the Complaint Are Insufficient to State a Federal Civil Rights Claim Against Chief Beck in His Individual Capacity**

Supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman, 942 F.2d at 1446. In Iqbal, 129 S. Ct. at 1948, the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." However, the Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th

Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012). The Ninth Circuit thus held:

> A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.'
>
> 'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.' 'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'

Id. at 1207-08 (internal citations omitted, alterations in original). In addition, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

6

Here, Plaintiff names Chief Beck as a defendant, but Plaintiff has failed to set forth any factual allegations pertaining to Chief Beck. Plaintiff has altogether failed to allege that Chief Beck was personally involved in the alleged constitutional deprivations, or that Chief Beck had any knowledge of, or any connection whatsoever with, the force used on Plaintiff at the time of his arrest by the LAPD. Nor does Plaintiff set forth any factual allegations that Chief Beck personally promulgated any policy that had a direct causal connection with the constitutional injuries of which Plaintiff complains.[1]

C. **Plaintiff's Allegations of Excessive Force Do Not State a Claim for Violation of His Eighth Amendment Right to Be Free from Cruel and Unusual Punishment**

Plaintiff alleges that his right to be free from "cruel and unusual punishment" has been violated. Complaint at 10 (CM/ECF). The Eighth Amendment, which proscribes cruel and unusual punishment, does not apply prior to a formal adjudication of guilt. Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

Thus, to the extent that Plaintiff is purporting to claim that LAPD

---

[1] Indeed, by way of contrast to the Complaint herein, the complaint in Starr specifically alleged numerous incidents in which inmates in Los Angeles County jails had been killed or injured because of the culpable actions of the subordinates of Sheriff Baca; specifically alleged that Sheriff Baca was given notice of all of these incidents; specifically alleged that Sheriff Baca also was given notice, in several reports, of systematic problems in the county jails under his supervision that had resulted in these deaths and injuries; and specifically alleged that Sheriff Baca did not take action to protect inmates under his care despite the dangers created by the actions of his subordinates, of which he had been made aware. See Starr, 652 F.3d at 1216.

7

1 officers used excessive force during the course of his arrest, he can only state a
2 claim under the Fourth Amendment, which "guarantees citizens the 'right to
3 be secure in their persons . . . against unreasonable . . . seizures.'" <u>Graham v.
4 Connor</u>, 490 U.S. 386, 394 (1989) (alterations in original); <u>see also</u> <u>Tennessee
5 v. Garner</u>, 471 U.S. 1, 7 (1985); <u>Robinson v. Solano County</u>, 278 F.3d 1007,
6 1009 (9th Cir. 2002) (en banc). Such claims are "analyzed under the Fourth
7 Amendment's 'objective reasonableness standard.'" <u>Saucier v. Katz</u>, 533 U.S.
8 194, 204 (2001) (citing <u>Graham</u>, 490 U.S. at 388). The reasonableness of an
9 officer's actions "must be judged from the perspective of a reasonable officer
10 on the scene, rather than with the 20/20 vision of hindsight." <u>Graham</u>, 490 U.S.
11 at 396. The determination of whether an officer's use of force was
12 "reasonable" under the Fourth Amendment "requires a careful balancing of
13 the nature and quality of the intrusion on the individual's Fourth Amendment
14 interests against the countervailing government interests at stake." <u>Graham</u>,
15 490 U.S. at 396 (internal quotations omitted); <u>see also</u> <u>Deorle v. Rutherford</u>,
16 272 F.3d 1272, 1279 (9th Cir. 2001) (as amended) ("the force which is
17 applied must be balanced against the need for that force"). Such an analysis
18 requires "careful attention to the facts and circumstances in each particular
19 case, including the severity of the crime at issue, whether the suspect poses an
20 immediate threat to the safety of the officers or others, and whether he is
21 actively resisting arrest or attempting to evade arrest by flight." <u>Graham</u>, 490
22 U.S. at 396; <u>see also</u> <u>Garner</u> 471 U.S. at 8-9 (whether a seizure is reasonable
23 under the Fourth Amendment is judged by the "totality of the circumstances").
24 Moreover, the Supreme Court has held that, in determining whether the force
25 used to affect a particular seizure is "reasonable" under the Fourth
26 Amendment, "the question is whether the officers' actions are 'objectively
27 reasonable' in light of the facts and circumstances confronting them, without
28

regard to their underlying intent or motivation." Graham, 490 U.S. at 397.

Here, it appears to the Court that Plaintiff may be able to amend his complaint to state a Fourth Amendment claim against Officer Scallion in his individual capacity based on his alleged use of more force than was objectively reasonable under the totality of the circumstances.

### D. The Court Appears to Lack Venue of Plaintiff's Medical Treatment Claim

The Court is not screening Plaintiff's claim against defendants Beard or Dr. Rasheed. It does not appear to the Court that Plaintiff's claim relating to his medical treatment while he was in custody at CSATF is properly joined with Plaintiff's claim relating to the alleged use of excessive force at the time of his arrest. See Fed. R. Civ. P. 20(a)(2). Moreover, and in any event, the Central District of California is not the proper venue for Plaintiff's civil rights claim relating to his medical treatment while he was in custody at CSATF.

"Where a complaint contains multiple claims, venue must be established for each individual claim and each defendant." Vivant Pharmaceuticals, LLC v. Clinical Formula, LLC, 2011 WL 1303218, *2 (S.D. Fla. Mar. 31, 2011); see also Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996); Schwarzer, Tashima & Wagstaffe, Fed. Civ. Pro. Before Trial ¶ 4:7 (2011 rev. ed.). Pursuant to 28 U.S.C. § 1391(b), proper venue over a civil action such as this properly lies only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought.

Here, Plaintiff's medical-needs claim relates to treatment he received while in custody at the CSATF in Corcoran, California. The CSATF is located in

the Eastern District of California. It thus appears that the Central District of California is not the proper venue for Plaintiff's claims against defendants Beard and Rasheed, because the events or omissions giving rise to those claims occurred at CSATF, which is in the Eastern District of California.

\*\*\*\*\*\*\*\*\*

If Plaintiff still desires to pursue his excessive force claim, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: September 27, 2013

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

10